UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**LILLIE C. QUINCE**
464 Lathrop Terrace
South Beloit, IL  61080,

**KIM L. MORSON**
430 Harrison Avenue, #105
Beloit, WI  53511                                            Case No. 12-CV-645

    Plaintiffs,

    v.

**BELOIT COLLEGE,**
700 College Street
Beloit, WI  53511,

    Defendant.

## COMPLAINT

The plaintiffs, Lillie C. Quince and Kim L. Morson, by their attorney, William R. Rettko, as and for a claim against the above named defendant, alleges and shows to the court as follows:

## NATURE OF THE ACTION

This action is brought to redress the denial of plaintiffs' right to be free from an unlawful employment practice which changed the terms, conditions and privileges of their employment because of their religion and race in violation of 42 U.S.C. §§ 1981 and 2000e (Title VII), and to seek redress for past and current violations of those rights in the form of loss wages and benefits, and to be free from retaliation for filing Charges of Discrimination with the EEOC also in violation of 42 U.S.C. §§ 1981 and 2000e (Title VII).

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, 42 U.S.C. §§ 1981 and 2000e (Title VII); see the EEOC Notices of Right to Sue Within 90

Days; copies of which are attached hereto as Exhibits A and B and incorporated as if set forth at length herein.  U.S.C. §§ 1981 and 2000e (Title VII).

## PARTIES

2. Plaintiff, Lillie C. Quince ("Quince"), is an African American adult resident of the State of Illinois, and has been employed by Beloit College continuously since February 12, 2007.

3. Quince filed a timely Charge of Discrimination based on religion and race on September 22, 2011, and filed a subsequent Charge of Discrimination alleging retaliation on December 16, 2011, and has received Notices of Right to Sue on both charges which are attached hereto as Exhibit A.

4. Plaintiff, Kim L. Morson ("Morson") is an adult resident of the State of Wisconsin, and was an employee of Beloit College from June 1983 through February 2012.

5. Morson filed a timely Charge of Discrimination with the EEOC based on religion on September 22, 2011, and filed a subsequent Charge of Discrimination alleging retaliation on January 12, 2012, and received Notices of Right to Sue on both charges which are attached hereto as Exhibit B.

6. Defendant, Beloit College is a non-profit corporation who upon information and belief is incorporated under the laws of the State of Wisconsin, and who is licensed to do business within the State of Wisconsin to teach college level courses, and who at all material times hereto maintains its principal office at 700 College Street, Beloit, Wisconsin, and who is and was at all material times hereto the employer of each plaintiff.

**STATEMENT OF CLAIMS**

7. On or about January 10, 2011, each plaintiff was told by Beloit College's Director of the Physical Plant, Michael Brady ("Brady") that the housekeeping department was putting on a holiday party and they were to attend.

8. Quince and Morson each responded to Brady that they would not attend the holiday party because gifts were being exchanged and it had the appearance of a Christmas party which was an act contrary to their religious beliefs as Jehovah Witnesses.

9. Quince also noticed by this time that African American employees were written up for rule violations that white employees were not.

10. As a direct result of refusing to attend the holiday party, each plaintiff was given new assignments to less desirable positions with heavier lifting, and assignments no one else wished to do.

11. In August 2011, Morson injured her back during the course of her job duties, and was restricted to lifting 10 pounds maximum and occasionally walk, stand, lift and/or carry light tools and files, but defendants didn't change Morson's assignments but added to them.

12. On or around September 22, 2011, Quince and Morson filed Charges of Discrimination based on religion due to the changes in their work conditions they each experienced following the January 10, 2011 holiday party, and Quince filed a charge of discrimination based on race.

13. After filing the Charges of Discrimination, Quince and Morson noticed changes in their work environment and knew that everyone in the housekeeping department had learned of their EEOC complaints because everyone spoke about it and they were told by a coworker that their supervisor was treating them differently because of the EEOC complaints they had filed.

14. It was at this time during the morning stretching exercises, Brady and the immediate supervisor for plaintiffs, Nancy Loveland ("Loveland"), began to confront them in front of their coworkers, and Quince's tire on her van was slashed.

15. Starting in November 2011, the groups of three that Quince and Morson were assigned to for housekeeping duties were rarely provided a student worker to assist with duties, but other groups routinely received several student workers.

16. Shortly after that, during the morning stretching exercises while Brady was present, Christmas music was playing, with Brady and Loveland laughing at Quince and Morson while looking directly at them.

17. Quince noticed around this time a change in Brady's attitude toward her as he began to yell at her and point his finger in her face, and would not speak to her without Loveland being present.

18. In or around January 2012, Brady again invited everyone in the housekeeping department to a holiday party, but emphasized that if they did not wish to attend the party, they would be assigned to complete the duties of a person who attended the party in addition to completing their own duties which Quince and Morson viewed as punishment directed toward them in retaliation for their EEOC complaints.

19. Morson again injured herself at work and brought in a doctor's excuse which she had done in the past, but Beloit College required her to get an additional explanation as to her injuries and specific accommodations which Morson viewed as retaliation because the doctor's excuse was an extension of a pre-existing restriction from her prior injury in August 2011.

20. In February 2012, Morson was forced to leave her employment with Beloit College because defendants failed to accommodate Morson's injury by increasing her workload and the difficulty in her assigned duties.

4

21. Quince has consistently been assigned heavier and more difficult duties since the filing of her EEOC charge of religion and race discrimination.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 2000e TITLE VII

22. Reallege and incorporate herein by reference paragraphs 1 through 21 of this Complaint as if set forth at length herein.

23. Defendant Beloit College denied Quince and Morson equal employment opportunities because of their religious beliefs as Jehovah Witnesses.

24. Defendant Beloit College also denied Quince equal employment opportunities by assigning Quince to heavier and more difficult duties as a result of her race.

25. As a result of Beloit College's actions to deny Quince and Morson equal employment opportunities by changing the terms, conditions, and privileges of their employment, they have suffered compensatory damages including loss of wages, loss of benefits, emotional distress, loss of reputation, mental anguish, loss of future wages and benefits, attorney fees and other expenses allowed by law.

26. Beloit College's action to deprive Quince and Morson equal employment opportunities as a result of their religious beliefs and Quince's race pursuant to 42 U.S.C. § 2000e (Title VII) was deliberate and in reckless disregard of indifferences allowing for this unequal employment treatment to occur which entitles plaintiffs to punitive damages as assessed by a jury

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 2000e (TITLE VII) FOR RETALIATION

27. Reallege and incorporate herein by reference paragraphs 1 through 26 of this Complaint as if set forth at length herein.

28. Beloit College through the actions of Brady and Loveland retaliated against both Quince and Morson from engaging in protected activity under Title VII by opposing acts of discrimination in the workplace, and by filing a complaint of discrimination with the EEOC.

29. Beloit College retaliated against Morson and Quince in violation of Title VII by confronting them at the morning stretching exercises, by refusing to assign student workers to groups they worked in although all other groups received student workers, by playing Christmas music and laughing at them during the morning stretching exercises, by threatening to assign them to other people's duties if they did not attend the 2011-2012 holiday party by directing Morson to obtain additional information from her doctor on work restrictions which was merely an extension of her prior work restrictions from an injury that occurred in August 2011 and was re-aggravated in or around December 2011, and by further assigning Morson and Quince heavier and more difficult duties.

30. Had Quince and Morson not engaged in protected activity under Title VII, Beloit College would not have retaliated against them for their actions, all of which were a substantial and motivating factor to discredit Quince and Morson's reputations and in changing their work conditions in such a manner that Morson was forced to resign her employment after 28½ years.

31. As a result of the retaliation received from Beloit College, Quince and Morson have suffered compensatory damages, including emotional distress and physical harm, loss of reputation, loss of past and future wages and benefits, together with attorney fees as allowed by law.

32. Beloit College's actions in retaliating against Quince and Morson, together with their deliberate and reckless indifference of the Quince and Morson's protected activity under Title VII entitles Quince and Morson to punitive damages as assessed by a jury.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1981

33. Reallege and incorporate herein by reference paragraphs 1 through 32 of this Complaint as if set forth at length herein.

34. Beloit College's actions to reassign Quince heavier and more difficult duties deprived Quince full and equal benefit of all laws to receive and enjoy all of the benefits and privileges to contract with Beloit College because of her race.

35. As a direct and proximate result of Beloit College's actions has caused Quince to suffer compensatory damages, including but not limited to, loss of back wages, loss of future wages, mental anguish, loss of reputation, attorney fees and other expenses as allowed for by law.

36. Beloit College's reckless indifference and intentional discrimination against Quince to intentionally fail to remedy or prevent equal employment opportunities for Quince who is African American entitles her to punitive damages.

### FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 2000e (TITLE VII) FOR RETALIATION

37. Reallege and incorporate herein by reference paragraphs 1 through 36 of this Complaint as if set forth at length herein.

38. Beloit College retaliated against Quince for engaging in protected activity under 42 U.S.C. §1981 by opposing Beloit College's acts of harassment and discrimination in the workplace against African American employees and by filing a discrimination complaint with the EEOC.

39. Beloit College retaliated against Quince in violation of § 1981 by changing Quince's assignment to heavier and more difficult work, by rarely assigning student workers to

7

her work group while regularly assigning student workers to other work groups, allowing damage to her vehicle, and enduring punitive treatment from her supervisors.

40. Had Quince not engaged in protected activity under § 1981, Beloit College would not have retaliated against her for her actions, all of which were a substantial and motivating factor to discredit Quince's reputation.

41. As a result of the retaliation Quince received from Beloit College, she has suffered compensatory damages, including emotional distress and physical harm, loss of reputation, loss of past and future wages and benefits, together with attorney fees as allowed by law.

42. Beloit College's actions in retaliating against Quince, together with their deliberate and reckless indifference of Quince's protected activity under §1981, entitles Quince to punitive damages as assessed by a jury.

**WHEREFORE**, Plaintiffs Quince and Morson respectfully request that this Court:

A. Assume jurisdiction of this case;

B. Declare that defendant's actions have caused plaintiffs to suffer a loss of equal employment opportunities because of their religious beliefs in violation of 42 U.S.C. § 2000e (Title VII);

C. Declare that defendants' actions caused Quince to suffer a loss of equal employment opportunities because of her race in violation of 42 U.S.C. § 2000e (Title VII);

D. Declare that defendant's actions of retaliation against Quince and Morson caused an unlawful employment practices as protected under Title VII;

E. Declare that defendant's actions have caused Quince to suffer a loss of equal employment opportunities because of her race in violation of 42 U.S.C. §2000e (Title VII) and 42 U.S.C. §1981;

F. Award compensatory damages against the defendant in the sum of $300,000 for both Quince and Morson;

G. Award punitive damages against the Defendant in a sum to be determined by a jury in favor of Quince and Morson;

H. Award Quince and Morson their loss of back pay, future pay and benefits.

I. Grant the Quince and Morson their costs, disbursements and attorney fees in bringing this action; and

J. Grant such further relief as the Court deems just and equitable.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted, this _____ day of September, 2012.

**RETTKO LAW OFFICES, S.C.**
Counsel for Plaintiffs


s/William R. Rettko
State Bar No. 01002608
15460 W. Capitol Drive, Suite 150
Brookfield, WI  53005
(262) 783-7200